TRINITY M. E. CHURCH (CAPELLE v.). See Case No. 2,392.

---

## Case No. 14,176.

TRIPLET et al. v. VAN NAME et al.

[2 Cranch, C. C. 332.] [1]

Circuit Court, District of Columbia. May Term, 1822.

### AVERAGE—DECK LOAD.

The vessel, and the cargo in the hold, are not liable to contribution for the deck load thrown overboard for the general safety.

Bill in equity [by Triplet & Neale] for contribution from the vessel, and remaining part of the cargo, for a part of the deck load thrown overboard for the general safety of vessel and cargo, in a voyage from New York to Alexandria, D. C.

Mr. Mason, for defendant, contended that the cargo under deck is not liable for average of deck load thrown overboard for the preservation of the whole. Smith v. Wright, 1 Caines, 43; Judah v. Randal, 2 Caines, Cas. 324; Lenox v. United Ins. Co., 3 Johns. Cas. 178; Stev. Av. 14, 18, 50; Code Nap.

Mr. Taylor, contra.

This is a coasting voyage, and the question depends upon the usage of the trade. The general principle is, that the vessel and remaining goods shall contribute for any part of the cargo thrown overboard for the safety of the residue. There is no reason for excepting the deck load, unless the vessel is thereby overladen; in which case the master only is liable. The error has arisen from applying the law of insurance to a mere question of contribution. But the law of insurance is founded on the fact that a deck load is liable to greater risk than a cargo under

deck. Beaw. Lex. Merc. tit. "Salvage." The Code Napoleon is the municipal law of France, and is no evidence of the general maritime law upon this particular case.

Mr. Taylor also cited a MS. note of the case of the sloop Matilda from New York to Alexandria, D. C., which was submitted to arbitrators, James Bruce Nichols, an insurance broker, and George Coleman, a master of a vessel, who decided it to be a proper case for average, it not appearing that the vessel was overloaded.

THE COURT, having taken time to consider, in the vacation, was of opinion that it was not a case of average, and dismissed the bill.

---

## Case No. 14,177.

TRIPLET v. WARFIELD.

[2 Cranch, C. C. 237.] [1]

Circuit Court, District of Columbia. April Term. 1821.

### PLEADING AT LAW—VARIANCE.

The defendant cannot take advantage of a variance between the writ and declaration, by demurrer, without praying oyer of the writ.

The capias issued in trespass on the case. The declaration was in trespass vi et armis for breaking the plaintiff's lamp. The defendant demurred generally to the declaration, without praying oyer of the writ.

THE COURT, after taking time to consider, rendered judgment upon the demurrer, for the plaintiff. See 1 Chit. Pl. 438, 439; Hole v. Finch, 2 Wils. 394; Oakley v. Giles, 3 East, 167; Gray v. Sidneff, 3 Bos. & P. 399; Murray v. Hubbart, 1 Bos. & P. 645; 1 Chit. Pl. 209, 249, 254; Spalding v. Mure, 6 Term R. 363.